# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**STEVEN EARL ALFORD**                                                            **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:22-CV-P40-GNS**

**SCOTTY WARD** *et al.*                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a 42 U.S.C. § 1983 prisoner civil-rights action. On August 16, 2022, the Court entered a Memorandum and Order dismissing this action (DNs 14 & 15) because Plaintiff had failed to comply with the Court's July 11, 2022, Order directing Plaintiff to file a superseding, amended complaint within 30 days and warning Plaintiff that failure to comply would result in dismissal of this action (DN 13).[1]

However, on the same day the Order was entered closing this action, the Court received a complaint which was docketed as an amended complaint (DN 16). The amended complaint appears to be a copy of the original complaint Plaintiff filed in this action. In light of this procedural history, the Court will reopen this action and treat the second-filed complaint (DN 16) as the superseding amended complaint and screen it pursuant to 28 U.S.C. § 1915A.

**IT IS HEREBY ORDERED** that this action is **REOPENED**.

### I.

The amended complaint indicates that Plaintiff was incarcerated as a pretrial detainee when he initiated this action. He names as Defendants Butler County Sheriff Scotty Ward, Butler County Deputy Sheriffs Trey Flener and Talon Gary, and Butler County Attorney Richard Deye. He sues these Defendants in both their official and individual capacities. Plaintiff also

---

[1] The Court entered this Order because, after filing the complaint (DN 1), Plaintiff filed multiple letters which contained additional allegations (DNs 8, 10, & 11).

sues Butler County.

Plaintiff alleges that Defendants Flener and Gary "made false statements under oath to obtain warrant, making false arrest, later indicted for theft of my own vehicle as well as los[s] of 2015 Mustang GT." Plaintiff states that these issues have been brought to the attention of Defendant Deye and others "yet nothing gets done."

Plaintiff continues:

> A Deputy come to my house with a false police report taking a 2020 Harley Davidson into impound. Having all legal paperwork, BOS, and statements of payment in hand. I continued to pay for several months later with expectation of the return of it. This issue has been going on for close to 2 yrs now. Have asked several agencies, people in official capacity for help with no results. This has been brought to the attention of BBB, AG, NAAG, CFPB, FTC, FDIC, Governor, Lt. Governor, DOJ, local, state police, several judges, more lawyers than I can count, ACLU, and I'm sure many others . . . . I demand an investigation into Butler County Kentucky legal system.

As relief, Plaintiff indicates that he seeks damages as well as the return of his property.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

### A. Official-Capacity Claims

#### 1. Defendant Butler County and Official-Capacity Claims against Butler County Defendants

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, because Plaintiff indicates that Defendants Ward, Flener, and Gary are employed at the Butler County Sheriff's Department, Plaintiff's official-capacity claims are actually against Butler County.

"A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 658

3

at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). To establish a municipal custom or policy, a plaintiff must sufficiently demonstrate: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision[-]making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

The complaint contains no allegations which suggest that the alleged violation of Plaintiff's constitutional rights was the result of a custom or policy implemented or endorsed by Butler County. Accordingly, the Court will dismiss Plaintiff's claims against Butler County and his official-capacity claims against Defendants Ward, Flener, and Gary for failure to state a claim upon which relief may be granted.

### 2. Official-Capacity Claim against County Attorney Deye

Plaintiff indicates that Defendant Deye is the Butler County Attorney. County attorneys are state officials.[2] Because Defendant Deye is an employee of the Commonwealth of Kentucky,

---

[2]*See Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir.1993) (holding that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses); *Boone v. Kentucky*, 72 F. App'x

4

Plaintiff's official-capacity claim against him is actually against the Commonwealth. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

For these reasons, the Court will dismiss Plaintiff's official-capacity claim against Defendant Deye for damages.

### B. Individual-Capacity Claims

#### 1. County Attorney Deye

Plaintiff's only allegation against Defendant Deye is that Plaintiff has brought his complaints about Defendants Flener and Gary to him "yet nothing gets done." Based upon Plaintiff's allegations, the Court assumes that Plaintiff is suing Defendant Deye for his role in initiating and prosecuting a criminal case against him. When prosecutors are acting in this role, they enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

---

306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the [county] prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Rogers v. Hill*, No. Civ.A. 4:05CV-35-M, 2005 WL 1287415, at *2 (W.D. Ky. May 31, 2005) ("[P]recedent shows that when a local prosecutor is enforcing state law or policy, the prosecutor is acting as an agent of the state.").

Thus, the Court will dismiss Plaintiff's individual-capacity claim against Defendant Deye for failure to state a claim upon which relief may be granted.

### 2. Sheriff Scotty Ward

Because the complaint contains no allegations against Defendant Ward, the Court assumes that Plaintiff is suing him in his role as the supervisor of Deputy Sheriffs Flener and Gary. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because Plaintiff has failed to plead "active unconstitutional conduct" on the part of Defendant Ward, the Court will dismiss the individual-capacity claim against him for failure to state a claim upon which relief may be granted.

### 3. Deputy Sheriffs Flener and Gary

Plaintiff alleges that Defendants Flener and Gary "made false statements under oath to obtain warrant, making false arrest, later indicted for theft of my own vehicle as well as los[s] of 2015 Mustang GT."

Based upon these allegations, the Court will allow individual-capacity Fourth Amendment claims to proceed against Defendants Flener and Gary. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this case.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Butler County; his official-capacity claims against Defendants Flener, Gary, and Ward; and his individual-capacity claims against Defendants Deye and Ward are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claim against Defendant Deye is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and 28 U.S.C. § 1915A(b)(2) for seeking monetary damages from a Defendant who is immune from such relief.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Butler County, Scotty Ward, and Richard Deye as parties to this action**.

The Court will enter a separate Order to govern the development of the claims it has allowed to proceed.

Date: August 22, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4416.011