# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:22-CV-00040-GNS-HBB

**STEVEN EARL ALFORD**                                                                                           **PLAINTIFF**

**VS.**

**TREY FLENER, et al.**                                                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion seeking injunctive relief filed by Plaintiff Steven Earl Alford (DN 27). Specifically, Alford requests "that a temporary halt be placed on Circuit Court Cases and that my bonds be modified to ROR and all posted bonds be returned properly" (Id. at PageID # 112). His motion is ripe for ruling and, for the reason set forth below, is **DENIED**.

This is a 42 U.S.C. § 1983 prisoner civil-rights action (DN 16 PageID # 60). The amended complaint names as Defendants Butler County Sheriff Scotty Ward, Butler County Deputy Sheriffs Trey Flener and Talon Gary, and Butler County Attorney Richard Deye (Id. at PageID # 61). Alford sues these Defendants in both their official and individual capacities (Id.). Alford also sues Butler County (Id.). The amended complaint alleges that Defendants Flener and Gary "made false statements under oath to obtain warrant, making false arrest, later indicted for theft of my own vehicle as well as los[s] of 2015 Mustang GT" (Id. at PageID # 63). Alford states that these issues have been brought to the attention of Defendant Deye and others "yet nothing gets done" (Id.).

Plaintiff continues:

> A Deputy come to my house with a false police report taking a 2020 Harley Davidson into impound. Having all legal paperwork, BOS, and statements of payment in hand. I continued to pay for several months later with expectation of the return of it. This issue has been going on for close to 2 yrs now. Have asked several agencies, people in official capacity for help with no results. This has been brought

> to the attention of BBB, AG, NAAG, CFPB, FTC, FDIC, Governor, Lt. Governor, DOJ, local, state police, several judges, more lawyers than I can count, ACLU, and I'm sure many others . . . . I demand an investigation into Butler County Kentucky legal system.

(Id. at PageID # 64). As relief, Plaintiff indicates that he seeks damages, his record expunged, and the return of his property (Id. at PageID # 65).

As a result of a screening pursuant to 28 U.S.C. § 1915A, the Court dismissed Alford's claims against Butler County and his official-capacity claims against Defendants Ward, Flener, and Gary for failure to state a claim upon which relief may be granted (DN 17 PageID # 71). The Court dismissed Alford's official and individual capacity claims against Defendant Deye, and the individual capacity claim against Defendant Ward (Id. at PageID # 72-73). The Court allowed Alford's individual capacity Fourth Amendment claims to proceed against Defendants Flener and Gary (Id. at PageID # 74). Thus, the only viable legal claims upon which this action is proceeding are Alford's individual capacity Fourth Amendment claims which allege that Defendants Flener and Gary "made false statements under oath to obtain warrant, making false arrest, later indicted for theft of my own vehicle as well as los[s] of 2015 Mustang GT" (DN 16 at PageID # 63).

The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. See Stribling v. Machado, No. 1:18-CV-01061-DAD-BAM (PC), 2019 U.S. Dist. LEXIS 46273, at *7-8 (E.D. Cal. Mar. 20, 2019) (citing Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010)); Bryant v. Gallagher, No. 1:11-CV-00446-LJO-BAM (PC), 2012 U.S. Dist. LEXIS 156379, at *3 (E.D. Cal. Oct. 31, 2012) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-03, 107 (1998)) (pendency of the action provided no basis to award the injunction relief sought by plaintiff); Balt v. Haggins, No. 1:10-CV-00931 LJO JLT(PC), 2011 U.S. Dist. LEXIS 144472, at *2-3 (E.D. Cal. Dec. 15, 2011) (citing Summers, 555 U.S. at 493; Mayfield, 599 F.3d

at 969; <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101 (1983)) (pendency of the action did not provide jurisdiction to grant injunctive relief sought).

As mentioned above, Alford requests "that a temporary halt be placed on Circuit Court Cases and that my bonds be modified to ROR and all posted bonds be returned properly" (DN 27 PageID # 112). Specifically, Alford is referring to Kentucky State criminal cases pending before the Butler County Circuit Court, Case # 22-CR-0001; the Warren County Circuit Court, Case # 21-CR-00753; and the Nelson County Circuit Court, Case # 22-CR-0044 (<u>Id.</u>). But these three Kentucky State Circuit Courts are not parties to this action. Moreover, the relief sought in Alford's motion is not related to Alford's individual capacity Fourth Amendment claims which allege that Defendants Flener and Gary "made false statements under oath to obtain warrant, making false arrest, later indicted for theft of my own vehicle as well as los[s] of 2015 Mustang GT" (DN 16 at PageID # 63). For these reasons, the Court will deny Alford's motion. <i>See</i> <u>Stribling</u>, 2019 U.S. Dist. LEXIS 46273, at *7-8.

**IT IS HEREBY ORDERED** that Alford's motion (DN 27) is **DENIED**.

February 8, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:  Steven Earl Alford, *pro se*
         Counsel