UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00040-GNS-HBB

STEVEN EARL ALFORD          PLAINTIFF

VS.

TREY FLENER, et al.          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendants Trey Flener and Talon Gary to compel *pro se* Plaintiff Steven Earl Alford to respond to interrogatories and requests for production (DN 36). Alford has not filed a response to their motion. For the reason set forth below, the motion to compel is **GRANTED**.

Defendants propounded written discovery requests on Alford on January 11, 2023 (DN 29). They indicate that on February 23, 2023, Alford contacted defense counsel by telephone and advised that he was not answering or responding to Defendants' written discovery requests (DN 36 PageID # 159). Pursuant to LR 37.1, defense counsel wrote to Alford attempting to resolve the matter without court intervention (DN 36-1). Alford subsequently contacted defense counsel by telephone and left a hostile voicemail which made clear that he did not intend to provide responses to the discovery requests (DN 36-2).

Fed. R. Civ. P. 33 permits parties to serve interrogatories on the opposing party. Rule 33(b)(2) requires the receiving party to serve his answers and any objections within 30 days after being served. Fed. R. Civ. P. 34 permits parties to serve requests for production of documents on

the opposing party. Rule 34(b)(2)(A) requires the receiving party to serve his response within 30 days after being served. Alford has not responded to the written discovery requests as required by the Rules. Whether to provide responses is not optional under the rules.

To the extent Alford maintains that the information sought is not relevant, a party "may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery must be "proportional to the needs of the case, considering importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

To the extent Alford maintains that the Defendants already have the requested documentation, "Plaintiff must read each request for production of documents submitted by the Defendants and either provide copies of responsive documents with Plaintiff's possession, custody, and control or make appropriate objection as to why such documents cannot or will not be produced." Jackson v. Dept. of Human Servs., No. 3:09-CV-00038, 2010 U.S. Dist. LEXIS 90912, *4 (M.D. Tenn. Aug. 31, 2010).

The undersigned understands that Alford is eager to advance his case to judgment or trial. However, this does not excuse him from his obligation to provide responses to discovery requests as required by the rules or to provide the Defendants with the discovery to which they are entitled.

**WHEREFORE**, the motion of Defendants to compel responses to written discovery requests (DN 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must provide responses in accordance with the Rules of Civil Procedure to Defendants' counsel **by no later than May 11, 2023**.

**ADDITIONALLY**, Plaintiff is warned that failure to comply with this Order in good faith will result in a recommendation that his case be dismissed.

April 26, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Steven Earl Alford, *pro se*
          Counsel